UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COREY HARDIN,

          Plaintiff,

    vs.

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, SARGENT MICHAEL
PELLEGRIN, POLICE OFFICER PATRICK
BURNETT, POLICE OFFICER MAGDALEN
PEREIRA, AND POLICE OFFICERS JOHN DOE
NUMBERS 1-5, UNKNOWN AND INTENDED
TO BE OTHER NEW YORK CITY POLICE
OFFICERS INVOLVED IN THE OCCURRENCES
HEREIN,

          Defendants.
------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

09 2585

GARAUFIS, J.

AZRACK, M.J.

Plaintiff COREY HARDIN, by his attorneys, Donaldson, Chilliest & McDaniel, LLP, complaining of the defendants herein, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff COREY HARDIN'S rights as secured by the Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff COREY HARDIN is an African-American man who is an attorney, a former Assistant District Attorney in Kings County with no prior criminal record and he is a United States citizen. This action began on June 18, 2008. Plaintiff COREY HARDIN, while doing nothing illegal, was deprived of his constitutional and common law rights when defendants SARGENT MICHAEL

PELLEGRIN, POLICE OFFICER PATRICK BURNETT, POLICE OFFICER MAGDALEN PEREIRA, AND POLICE OFFICERS JOHN DOE NUMBERS 1-5, UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCES HEREIN (hereinafter referred to as the "individual police officer defendants"), assaulted and battered plaintiff, unlawfully detained plaintiff, falsely arrested plaintiff by excessive force, unlawfully imprisoned plaintiff and falsely accused plaintiff of crimes that he did not commit, causing plaintiff to become physically and psychologically injured and prosecuted for crimes that he did not commit. The charges in the underlying criminal case were ultimately dismissed and sealed.

## JURISDICTION

2. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New

York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5. At all times relevant herein, plaintiff COREY HARDIN, was and still is a resident of the County of Kings, in the City and State of New York.

6. Plaintiff is a former Assistant District Attorney in Kings County and he is currently an attorney with the New York City Transit Authority.

7. At all times relevant herein, defendant SARGENT MICHAEL PELLEGRIN, was a Sargent with the New York City Police Department assigned to the 79th Precinct in the County of Kings, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

8. At all times relevant herein, defendant POLICE OFFICER PATRICK BURNETT was a police officer of the New York City Police Department assigned to the 79th Precinct in the County of Kings, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

9. At all times relevant herein, defendant POLICE OFFICER MAGDALEN PEREIRA was a police officer of the New York City Police Department assigned to the 79th Precinct in the County of Kings, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

10. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE

3

NUMBERS 1-5, UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCES HEREIN were police officers of the New York City Police Department and they are believed to be assigned to the 79th Precinct and other precincts in the County of Kings, City and State of New York. At all times relevant herein, they were acting in the capacity of agents, servants and employees of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

11. At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of defendant NEW YORK CITY POLICE DEPARTMENT.

12. In the alternative, at all times relevant hereto, the individual police officer defendants were acting individually and they are also being sued herein in their individual capacities.

13. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police

4

department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by defendant NEW YORK CITY POLICE DEPARTMENT.

## STATEMENT OF FACTS

14. On or about June 18, 2008, at approximately 12:30 a.m., at the vicinity of in front of 124 Clifton Place, in the County of Kings and the City and State of New York, plaintiff COREY HARDIN was lawfully outside in a public area near his home with his wife.

15. Plaintiff and his wife had taken a licensed livery taxicab home and said cab indicated that it accepted credit cards.

16. Plaintiff attempted to pay for the fare with his credit card, but the cab driver refused to accept the credit card and claimed that his machine was broken.

17. Based upon plaintiff's personal and professional experience, he is familiar with the rules and regulations requiring taxicab drivers who have credit card capabilities to accept credit card payments from passengers, their reluctance to do so largely because they do not want to pay the fees associated with such transactions and the necessary reporting requirements should the credit card equipment fail to operate.

18. Plaintiff believed that the equipment was in proper working order because, upon information and belief, it was linked to the GPS technology that also operated the television, all other equipment appeared to be working properly, there was no sign,

5

nor any other indication that the credit card machine was broken and the taxi driver failed to warn plaintiff that his machine was broken prior to taking plaintiff to his destination.

19. Since plaintiff did not have enough cash in his wallet to pay for the fare, he continued to try to convince the cab driver to accept the credit card, but the driver continued to refuse to do so.

20. Upon information and belief, defendants SARGENT MICHAEL PELLEGRIN, POLICE OFFICER PATRICK BURNETT and another officer, POLICE OFFICER JOHN DOE NUMBER 1, were parked near the area and plaintiff approached the officers and advised them in substance that he and the cab driver were having a dispute about his fare, that he wanted to pay for his fare with his credit card, but the driver refused to let him pay with the card.

21. Defendant SGT. PELLEGRIN told plaintiff in substance that since the cab driver claimed the machine was broken, plaintiff would have to go to the ATM machine to withdraw the cash.

22. Plaintiff told the defendant police officers in substance that the closest ATM machine in the area charges a fee in addition to his bank fee, so why should he have to be inconvenienced and charged the extra five dollar fee when the cab driver is supposed to accept credit cards and pay the fees.

23. Plaintiff told the defendant police officers in substance that he was offering to pay for his fare with the credit card and that he was not refusing to pay for his fare, however he did not believe it was right for him to have to go to the ATM machine.

6

24. Defendant SGT. PELLEGRIN continued to tell plaintiff to go to the ATM machine and he asked plaintiff in substance if he wanted the SGT. to put him in handcuffs.

25. Plaintiff stated in substance "if that is what you feel you have to do because I won't go to the ATM, then do it" and defendant SGT. PELLEGRIN directed one of the other defendant police officers to put plaintiff in cuffs.

26. One of the defendant police officers handcuffed plaintiff with his hands behind his back in an extremely tight manner.

27. Defendant POLICE OFFICER PATRICK BURNETT yelled and cursed at plaintiff and his wife in an extremely rude manner, he grabbed plaintiff's head and forced his head down, pushed plaintiff into the police car.

28. Plaintiff was in a lot of pain from the handcuffs and when he asked the officers in substance to loosen the cuffs because they were digging into the skin on his wrists, the officers refused to do so.

29. Defendants transported plaintiff to the 79th precinct station house and plaintiff was placed into several holding cells, fingerprinted, photographed and otherwise processed.

30. After approximately 4 to 4 ½ hours after his arrest, plaintiff was given a Desk Appearance Ticket (DAT), told that he had to appear in court and he was released.

31. Plaintiff appeared before a judge in the DAT arraignment part of the Kings County Criminal Court and he was charged under docket number 2008KN052548 with a class "A" misdemeanor of Theft of Services, pursuant to New York Penal Law § 165.15(3), which is a crime that he did not commit.

32. Plaintiff's arrest was given to defendant POLICE OFFICER MAGDALEN PEREIRA as the arresting officer.

33. According to the facts set forth in the Criminal Court Complaint filed against plaintiff, defendant POLICE OFFICER PEREIRA informed the individual who drafted the Complaint that plaintiff stated that he would not pay for the services and that plaintiff should be arrested.

34. Upon information and belief, POLICE OFFICER PEREIRA was not present at the scene.

35. Plaintiff's case was dismissed and sealed at arraignments.

36. As a result of the defendants' above-mentioned conduct, plaintiff suffered physical injuries, including, but not necessarily limited to, bruises to both wrists, severe pain to his wrists and neck and limited range of motion. Plaintiff also suffered deprivation of his liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and psychological anguish, including, but not limited to, loss of sleep, depression, humiliation, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life and performance of daily activities.

37. The above-mentioned acts committed against plaintiff were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants under color of law. Plaintiff alleges that defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are liable for the assault, battery, unlawful detention, false arrest and unlawful imprisonment under a theory of Respondeat Superior.

Similarly, defendant CITY OF NEW YORK is liable for maliciously prosecuting plaintiff under a theory of Respondeat Superior. This is because, among other reasons, defendant CITY OF NEW YORK has tolerated and permitted a pattern of illegal actions against persons, including assault, battery, unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers. As a result, New York City police officers are encouraged to believe that they can violate the rights of persons, particularly African-American males like plaintiff, with impunity.

### FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

38. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. The detention of plaintiff without probable cause and without an arrest warrant was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment to the United States Constitution and deprived plaintiff of his liberty.

40. The seizure and deprivation of plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, all committed under color of their authority as police officers, and while acting within that capacity, plaintiff

suffered physical harm, deprivation of his liberty and emotional damage, all of which is in violation of his rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. §§1983, 1985, 1986 and 1988.

42. As a further result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, plaintiff was deprived of his rights and immunities secured by the Constitution and laws of the State of New York including, but not limited to, his rights to be secure in his person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

43. By assaulting and battering plaintiff and by subjecting plaintiff to false arrest and imprisonment, the defendants directly violated the rules and regulations of the New York City Police Department.

44. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
### Assault

45. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. The individual police officer defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and

maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act(s) which threatened such contact to plaintiff and that such act(s) caused apprehension of such contact to plaintiff.

47. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

48. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

49. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
#### Battery

50. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51. The individual police officer defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to plaintiff and caused such

battery.

52. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

53. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

54. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION
### False Arrest

55. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiff's rights under the Constitution and laws of the State of New York.

57. The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

58. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF

NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

59. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

60. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## FIFTH CAUSE OF ACTION
### False Imprisonment

61. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein.

62. The above-mentioned acts and conduct committed by the defendants constituted false imprisonment and defendants violated plaintiff's rights under the Constitution and laws of the State of New York.

63. The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

64. The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

65. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to

hear and adjudicate such claims.

66. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

67. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 66 with the same force and effect as if more fully set forth at length herein.

68. Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individual police officer defendants who were unfit for the performance of police duties on the above-mentioned dates and times.

69. The failure of the Mayor of the City of New York and the Police Commissioner of the New York City Police Department to adequately hire, retain, train, supervise, discipline, or in any other way control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of the New York City Police Department is evidence of the reckless disregard for the rights of the public, including plaintiff, and exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the Mayor and Police Commissioner.

70. Such conduct was carried out willfully, wantonly, maliciously and with reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiff.

71. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

72. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

### SEVENTH CAUSE OF ACTION
### Discrimination on the Basis of Race

73. Plaintiff COREY HARDIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. By their conduct as set forth above, the defendants demonstrated that they were motivated in their unlawful actions by reasons of racial discrimination against plaintiff, an African-American man, in violation of the New York Human Rights Law and the New York Executive Law, as well as under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and her rights under the Constitution and other laws of the State of New York.

75. That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## JURY DEMAND

76.     Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants as follows:

(1)     On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(2)     On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(3)     On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(4)     On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(5)     On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(6)     On the SIXTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(7)     On the SEVENTH CAUSE OF ACTION against defendants compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(8)     That plaintiffs recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

(9)     That plaintiffs have such other and further relief as this Court shall deem just and proper.

Dated: June 17, 2009
       New York, New York

                                        _____
                                        ERIKA MCDANIEL EDWARDS, ESQ. (EE 0960)
                                        Donaldson, Chilliest & McDaniel, LLP
                                        Plaintiff's Attorneys
                                        1825 Park Avenue, Suite 1102
                                        New York, New York 10035
                                        (212) 722-4900